DAVID M. JOSEPH ET AL., RESPONDENTS, v. VINELAND CLOTHING MANUFACTURING COMPANY, APPELLANT.

Decided November 8, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Thomas G. Tuso.*

For the respondents, *Morris V. McDonald.*

PER CURIAM.

The defendant company entered into a contract with one Bessie Schapiro for the manufacture of three hundred and ninety-four overcoats at the price of $3.80 for each coat, the materials to be furnished by the defendant company. When the work of manufacturing had been done by Mrs. Schapiro, as she claimed, and the coats returned, the defendant company refused to pay the contract price, or any other sum for the reason, as it alleged, that the work had been improperly done and the value of the overcoats wiped out by reason thereof. Mrs. Schapiro assigned her cause of action to the present plaintiffs, and thereupon they instituted this suit, claiming the amount fixed by the contract between Mrs. Schapiro and the defendant company. To the complaint in the case the defendant filed a counter-claim, setting up the damage done to the coats by Mrs. Schapiro in the making thereof, and a partial destruction of their value by reason thereof, claiming that the loss thus sustained more than wiped out the moneys which Mrs. Schapiro would have been

entitled to receive from it had the work been properly done. The trial of the case resulted in a verdict in favor of the plaintiffs, and the defendant has appealed from the judgment entered thereon.

The only ground upon which we are asked to reverse the present judgment is the alleged error of the trial judge in charging the jury as follows: "I do not see how you can bring in any verdict for no cause for action. If the plaintiffs made the goods according to samples, and they were in proper shape, they are entitled to recover $500. If they were not in that shape, and the defendant was damaged, then the defendant is entitled to recover some damages. It claims $541.54. You may take those figures, but you are to find what, in fact, the defendant was damaged. If you find for the defendant, the Vineland Clothing Manufacturing Company, you will fix the damages. In other words, if you find for the plaintiffs, Joseph Brothers, your verdict is $500 with interest from November 19th, 1926. If, on the other hand, you find the defendant has been damaged, its claim is $541.54, and if you so find that amount, then that is the amount to be found for the defendant. Otherwise, whatever amount you fix. But I do not see how you can bring in a verdict of no cause for action. One party has a claim either the plaintiff or the defendant." It is argued by counsel for the appellant that this instruction is erroneous to the extent that the jury were told in effect that they could not bring in a verdict of no cause of action in either of the parties to the litigation. We see no error in this statement contained in the excerpts which have been quoted. If the plaintiffs' assignor had fully and properly performed her contract they were entitled to recover from the defendant the contract price provided in the agreement. If she had not fully performed, and by reason of her failure in that regard the defendants were damaged, they were entitled to have the amount of the damage deducted from the contract price, and if the damage exceeded that amount, then they were entitled to a verdict for the excess.

The judgment under review is affirmed.